IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
MIDDLE DIVISION

| | |
|---|---|
| **JOANNA SEGUNDO and PHILLIP SEGUNDO, individually and as next friends and parents of GRACIELLA SEGUNDO,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**JOSHUA STEPHEN,**<br><br>    **Defendant.** | **Docket No. 3:23-cv-00260**<br>**JURY DEMAND** |

## ANSWER TO COMPLAINT

COMES NOW Joshua Stephen, by and through counsel, and to Answer the Complaint filed against him would state and show unto the Court, as follows:

### FIRST DEFENSE

Defendant responds to the allegations contained in the numbered paragraphs of Plaintiffs' Complaint, as follows:

1. The allegations contained in numbered paragraph 1 of Plaintiffs' Complaint are admitted upon information and belief.

2. In response to the allegations contained in numbered paragraph 2 of Plaintiffs' Complaint, Defendant resides at 1037 Katy Lane, Longmont, Colorado 80504 and has received service of the Complaint. All remaining allegations are denied.

3. The allegations contained in numbered paragraph 3 of Plaintiffs' Complaint are admitted.

4. The allegations contained in numbered paragraph 4 of Plaintiffs' Complaint are admitted.

5. The allegations contained in numbered paragraph 5 of Plaintiffs' Complaint are admitted.

6. The allegations contained in numbered paragraph 6 of Plaintiffs' Complaint are denied.

7. In response to the allegations contained in numbered paragraph 7 of Plaintiffs' Complaint, Defendant admits the front end of his motor vehicle made contact with the rear of Plaintiff Graciella Segundo's motor vehicle. All remaining allegations contained in numbered paragraph 7 of Plaintiffs' Complaint are denied.

8. The allegations contained in numbered paragraph 8 of Plaintiffs' Complaint are admitted to the extent that Plaintiff observed a bent bumper on Ms. Segundo's 2013 Ford Raptor after the subject accident. Any remaining allegations contained in numbered paragraph 8 of Plaintiffs' Complaint are denied.

9. The allegations contained in numbered paragraph 9 of Plaintiffs' Complaint are denied.

10. In response to the allegations contained in numbered paragraph 10 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiff sustained injuries, damages, or losses, if any, and demands strict, competent, and admissible proof thereof. Any remaining allegations contained in numbered paragraph 10 of Plaintiffs' Complaint are denied.

11. In response to the allegations contained in numbered paragraph 11 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiff sustained injuries, medical expenses, damages, or losses, if any, and demands strict, competent, and admissible proof thereof. Any remaining allegations contained in numbered paragraph 11 of Plaintiffs' Complaint are denied.

12. In response to the allegations contained in numbered paragraph 12 of Plaintiffs' Complaint, Defendant admits he had a duty to keep proper control of the motor vehicle. Any remaining allegations contained in paragraph 12 of Plaintiffs' Complaint are denied.

13. In response to the allegations contained in numbered paragraph 13 of Plaintiffs' Complaint, Defendant admits fault for the accident. Any remaining allegations contained in numbered paragraph 13 of Plaintiffs' Complaint are denied.

14. In response to the allegations contained in numbered paragraph 14 of Plaintiffs' Complaint, Defendant admits he had a duty to maintain a safe lookout. Any remaining allegations contained in paragraph 14 of Plaintiffs' Complaint are denied.

15. In response to the allegations contained in numbered paragraph 15 of Plaintiffs' Complaint, Defendant admits fault for the accident. Any remaining allegations contained in numbered paragraph 15 of Plaintiffs' Complaint are denied.

16. In response to the allegations contained in numbered paragraph 16 of Plaintiffs' Complaint, Defendant admits he had a duty to not follow another vehicle more closely than is reasonable and prudent. Any remaining allegations contained in numbered paragraph 16 of Plaintiffs' Complaint are denied

17. In response to the allegations contained in numbered paragraph 17 of Plaintiffs' Complaint, Defendant admits fault for the accident. Any remaining allegations contained in numbered paragraph 17 of Plaintiffs' Complaint are denied.

18. In response to the allegations contained in numbered paragraph 18 of Plaintiffs' Complaint, Defendant admits he had a duty to exercise due. Any remaining allegations contained in numbered paragraph 18 of Plaintiffs' Complaint are denied

19. The allegations contained in numbered paragraph 19 of Plaintiffs' Complaint are admitted.

20. In response to the allegations contained in numbered paragraph 20 of Plaintiffs' Complaint, Defendant admits fault for the accident. Any remaining allegations contained in numbered paragraph 20 of Plaintiffs' Complaint are denied.

21. The allegations contained in numbered paragraph 21 of Plaintiffs' Complaint are admitted.

22. The allegations contained in numbered paragraph 22 of Plaintiffs' Complaint, including subparagraphs (a) through (f), are denied.

23. The allegations contained in numbered paragraph 23 of Plaintiffs' Complaint, including subparagraphs (a) through (c), are denied.

24. In response to the allegations contained in numbered paragraph 24 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiff sustained injuries, damages, or losses, if any, and demands strict, competent, and admissible proof thereof. Any remaining allegations contained in numbered paragraph 24 of Plaintiffs' Complaint are denied.

25. In response to the allegations contained in numbered paragraph 25 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiff sustained injuries, damages, or losses, if any, and demands strict, competent, and admissible proof thereof. Any remaining allegations contained in numbered paragraph 25 of Plaintiffs' Complaint are denied.

26. In response to the allegations contained in numbered paragraph 26 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiff has become liable for certain medical expenses or whether Plaintiff sustained injuries, and Defendant demands strict, competent, and admissible proof thereof. Any remaining allegations contained in numbered paragraph 26 of Plaintiffs' Complaint are denied.

27. The allegations contained in numbered paragraph 27 of Plaintiffs' Complaint are denied.

28. The allegations contained in numbered paragraph 28 of Plaintiffs' Complaint are denied.

In response to Plaintiffs' prayers for relief, Defendant would state that Plaintiffs are not entitled to relief from this Defendant.

Defendant demands a jury of twelve (12) to try this cause.

Any allegations contained in Plaintiffs' Complaint not herein admitted, denied, or controverted, are hereby denied and strict proof demanded thereof.

WHEREFORE, having fully answered, Defendant demands the cause of action asserted against him be dismissed and all costs assessed to Plaintiffs.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: /s/ Nathan E. Shelby _____
NATHAN E. SHELBY (BPR No. 026583)
GRACE BENITONE (BPR No. 040650)
*Attorneys for Defendant*
201 Fourth Avenue North
Suite 1850
Nashville, TN 37219
(615) 613-0442
nshelby@raineykizer.com
gbenitone@raineykizer.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. All other parties will be served by mailing postage prepaid or by email. Parties may access this filing through the Court's electronic filing system.

Craig P. Glenn (BPR No. 031439)
GRIFFITH LAW, PLLC
*Attorney for Plaintiffs*
256 Seaboard Lane, Suite E-106
Franklin, TN 37067
(615) 807-7900
craig@griffithinjurylaw.com

This, the 29th day of March, 2023.

/s/ Nathan E. Shelby_____